[Civ. No. 445. Fifth Dist. Nov. 5, 1965.]

NORTHWESTERN MUTUAL INSURANCE COMPANY, Plaintiff and Respondent, v. GERALDINE RHODES, Defendant and Appellant.

Kane & Canelo and Cyril Viadro for Defendant and Appellant.

McCormick, Barstow, Sheppard, Coyle & Best and Hollis G. Best for Plaintiff and Respondent.

CONLEY, P. J.—In this suit for declaratory relief brought by the insurance company which issued the policy in question, the insured appellant, Geraldine Rhodes, complains that she has not received full payment for her injuries under alleged applicable provisions of her insurance policy. She admittedly received physical hurt in an automobile collision which occurred on the 8th day of October 1962, between her automobile and a car driven by one Lynne La Rhette Foster. The claim made by Mrs. Rhodes against Northwestern Mutual Insurance Company arose out of the provisions of a policy of insurance which the company originally wrote on her automobile; this policy contained provisions in her favor against injury through the negligence of an uninsured motorist pursuant to the requirements of the law of the State of California (Ins. Code, § 11580.2), and also medical coverage provisions. The uninsured motorist coverage in the policy stipulated that the plaintiff would pay all sums up to $10,000 per person, which the insured would be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, provided that determination as to whether such insured was legally entitled to recover such damages and the amount thereof should be decided by ''agreement between the insured . . . and the Company or, if they fail to agree, by arbitration.'' The medical expenses coverage in the policy provided that the plaintiff should pay all reasonable expenses for medical services incurred within one year from the date of the accident up to the sum of $2,000 for each person injured in an accident while in the insured's automobile.

The basic facts in the relationship between the insurance company and the insured were stipulated to; it is conceded that Mrs. Rhodes paid a premium for the uninsured motorist coverage and, also, for the medical pay coverage. As the insurer

and the insured did not agree upon the amount that should be paid by the company under the uninsured motorist coverage, the matter was heard by Robert E. Bradstreet, a duly appointed arbitrator, on October 24, 1963, ". . . in accordance with the Uninsured Motorist provisions of said policy and in accordance with California Insurance Code § 11580.2." Thereafter, the arbitrator made an award in favor of Geraldine Rhodes and against the Northwestern Mutual Insurance Company in the sum of $5,965.62, plus $53 costs. The document specifying the award, dated and signed by the arbitrator on November 22, 1963, contains the statement: "This Award is in full settlement of all claims submitted to this Arbitration."

The parties have stipulated with respect to the proceedings at the arbitration:

1) That neither the automobile policy nor any uninsured motorist provision therein was ". . . introduced at, nor considered by the Arbitrator, Robert E. Bradstreet, either prior to, at, or subsequent to said Arbitration hearing of October 24, 1963";

2) That, at said arbitration hearing, there were introduced medical bills for services rendered to the insured in the total sum of $1,028.19 as a result of the accident and that medical reports were also introduced indicating that petitioner would require further medical treatment arising from the injuries;

3) That no request was made on behalf of the respondent, either prior to, at, or subsequent to said arbitration hearing to the arbitrator ". . . to reduce the amount of the Award by said medical bills referred to . . . .";

4) "That no reduction in said Award for the medical bills referred to in paragraph 6, was allowed or considered by Arbitrator, Robert E. Bradstreet."

The court filed a "Decision on Trial" which states:

1) That, as a part of the arbitration proceedings, defendant introduced evidence of medical charges incurred by her and ". . . was awarded a sum which presumably included recompense for this medical expense";

2) "That the sum so awarded was 'to pay all sums . . [the insured] shall be legally entitled to recover as damages . . for personal injuries' under Part IV of Plaintiff's policy";

3) That, under Insurance Code, section 11580.2, Northwestern's payment of the sum ordered by the arbitrator might have been reduced by collectible medical payment insurance, if the arbitrator had seen fit to do so;

4) "That both statute, case law and justice are consistent with the theory that defendant shall have a recovery, but not a windfall; that the coverages are in the alternative, not cumulative." The court declared the rights of the parties to be that Northwestern is not required to pay to defendant Rhodes any amount for medical expenses over or above the arbitration award for uninsured motorist coverage.

The formal judgment makes effective the court's viewpoint.

The appellant argues that there is nothing specific on the face of the award which shows that it did or did not include any sums paid out, or for which the insured became obligated, for physicians' services by reason of her injuries, and that it was the duty of the insurance company to attempt to procure such a specific determination by the arbitrator with regard to such medical expenses in view of that portion of section 11580.2 of the Insurance Code which provides:

"Any loss payable under the terms of the uninsured motorist endorsement or coverage to or for any person may be reduced:

". . . . . . . . . . . .

"(2) By the amounts paid or due to be paid under any valid and collectible automobile medical payment insurance available to the insured."

Also, that as separate premiums were paid for the uninsured motorist provision and for the medical payment provision and because ambiguities in a policy should be resolved in favor of the insured, she is entitled to recover separately under the part of the policy relating to medical expenses.

We believe that the trial judge was correct in the result reached by him. The arbitration by its terms and by the general custom relative to the solution of tort claims was designed to include all money damages caused by the injury to Geraldine Rhodes. Such money damages would fall under three headings: (1) for pain, suffering, and inconvenience, (2) for the loss of wages and other similar compensation, and (3) for monies reasonably paid out and to be expended for the treatment of the injuries received. The record shows that there was evidence on all three of these subjects, which was advanced and vouched for by appellant, including monies paid to that date for medical attention. The record is silent as to whether evidence of any estimate of future medical costs was introduced, but if we assume there was no such evidence, it would seem that it would have been an omission for which her counsel were responsible. ▮ There is nothing

about the basic principles of arbitration in a case like this which would presuppose a failure on the part of the parties to submit for decision all questions of damages, and we believe that the trial court was fully justified in its inferential conclusion that all damage questions, including the medical costs were submitted to and decided by the arbitrator.

Section 11580.2 of the Insurance Code contains provisions which are obviously aimed at preventing a double recovery, or, as the trial court used the word, a ''windfall,'' under the uninsured motorist section. And, as a side effect of these provisions, there is afforded by them to an arbitrator some degree of discretion with respect to what elements he shall include or exclude from an award; it is conceivable that situations might occur in which the arbitrator deemed it sensible to exclude payments to be made in the future with respect to the undetermined extent and duration of injuries received by a person seeking arbitration, but, in such instances, the arbitrator must include an express provision that the award under the uninsured motorist endorsement does not include any payment for medical expenses and that the arbitration award is not prejudicial to a separate award under a valid and collectible medical payment provision available to the insured. Such holding, if appropriate, must be expressly made by the arbitrator. In the absence of such a specific qualifying determination, the arbitrator must find, and award, the total damages suffered by the petitioner, including his medical expenses. And, in such cases, it would be improper to allow a second recovery by reason of the provisions of the medical payment portion of the policy.

The judgment is affirmed.

Brown (R.M.), J., and Stone, J., concurred.