[Civ. No. 23152. First Dist., Div. Two. Sept. 21, 1966.]

JOSEPH J. CANNIZZO, Plaintiff and Respondent, v. GUARANTEE INSURANCE COMPANY, Defendant and Appellant.

Field, DeGoff & Rieman, Walter Ryerson Rieman and Gayle M. Plummer for Defendant and Appellant.

Rinaldo A. Carmazzi and Barbagelata, Broderick, Carmazzi & Arnold for· Plaintiff and Respondent.

TAYLOR, J.—On this appeal by Guarantee Insurance Company, hereafter appellant, from an order denying its motion for an order after judgment, the sole question presented is whether section 11580.2, subdivision (g) of the Insurance Code, entitles appellant to a setoff for payments made to its insured, respondent, under the medical payments provision of the policy against an award made under the uninsured motorist provision of that policy when there is no specific language in the policy providing for such setoff.

The appeal is on an agreed statement which sets forth the following: Sometime after September 15, 1961 (the effective date of section 11580.2, subdivision (g) of the Insurance Code), appellant issued to respondent an insurance policy that was in full force and effect on January 9, 1964, the date of respondent's accident with an uninsured motorist. Part II of the policy provided for medical payment coverage in the amount of $2,000, and Part IV for uninsured motorist coverage. Appellant paid $2,000 to respondent pursuant to the medical payments provision. Thereafter, a dispute arose between the parties as to the amount due to respondent under the uninsured motorist provision. The matter was submitted to

an arbitrator who made an award calculated as follows: loss of wages $1,642.88, medical expenses $1,940.79, and general damages $3,916.33, a total of $7,500 plus $30 costs. On respondent's petition, the award was confirmed by the superior court without prejudice to appellant to pursue its claim for a setoff. To date, appellant has paid $5,530, the total amount of the judgment plus costs, less the claimed $2,000 setoff. This appeal is taken from the order denying appellant's motion for an order after judgment to compel respondent to execute and acknowledge satisfaction of the judgment, or in the alternative, an order for entry of satisfaction without execution.

The only question presented is whether appellant is entitled to a setoff against its uninsured motorist's liability for the payments made to respondent under medical coverage even though there is no specific provision for such setoff in the policy. The pertinent portions of section 11580.2 of the Insurance Code are set forth in a footnote.[1]

---

[1]Section 11580.2, subdivision (a): *"No policy* of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, *shall be issued or delivered in this State to the owner or operator of a motor vehicle,* or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle then principally used or principally garaged in this State, *unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the financial responsibility requirements* specified in Section 16059 of the Vehicle Code *insuring the insured, his heirs or his legal representative for all sums within such limits which he or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle.* The insurer and any named insured may by agreement in writing delete the provision covering damage caused by an uninsured motor vehicle. Such deletion by any named insured shall be binding upon every insured to whom such policy or endorsement provisions apply.'' (Italics partially supplied.)

Subdivision (g): ''An insured entitled to recovery under the uninsured motorist endorsement or coverage *shall* be reimbursed within the conditions stated herein without being required to sign any release or waiver of rights to which he may be entitled under any other insurance coverage applicable; nor shall payment under this section to such insured be delayed or made contingent upon the decisions as to liability or distribution of loss costs under other bodily injury liability insurance or any bond applicable to the accident. Any loss payable under the terms of the uninsured motorist endorsement or coverage to or for any person *may* be reduced:

''(1) By the amount paid and the present value of all amounts payable to him under any workmen's compensation law exclusive of nonoccupational disability benefits.

''(2) By the amounts paid or due to be paid under any valid and collectible automobile medical payment insurance available to the insured.

''(3) By the amount the insured is entitled to recover from any other person insured under the underlying liability insurance policy of which the uninsured motorist endorsement or coverage is a part.'' (Italics supplied.)

The Legislature has used the words "shall" and "may" at various places throughout this section. ▮ Well-recognized rules of statutory construction establish that while the word "shall" connotes *mandatory* action, the word "may" indicates *permissiveness* (Gov. Code, § 14; *National Automobile etc. Co.* v. *Garrison,* 76 Cal.App.2d 415 [173 P.2d 67]). ▮ Thus where the code section states that the insured coverage "may be reduced" by the amount of medical payments made to the assured, it simply means that such a reduction is a matter to be determined between the insurance company and its assured. It follows that since there is no mention of the medical deduction in the insurance policy, it cannot be allowed.

It would appear from the terms of the policy itself that the appellant company recognized the necessity of specifically providing therein for any exceptions or exclusions *permitted* by the code. The uninsured motorist provision of the policy provided that "Part IV. . . . Any loss payable under the terms of this Part . . . *shall* be reduced by the amount paid and the present amount of all amounts payable to him [the assured] under any workmen's compensation law, exclusive of non-occupational disability benefits." (Italics supplied.) These are the exact words of the statute but for the substitution of the word "shall" for "may." It is noteworthy that the policy contained no such exception as to medical payments.

▮ The rights of the parties are to be determined by the terms of their policy provided it grants benefits equal to or greater than those required by the statute (*Grunfeld* v. *Pacific Auto. Ins. Co.,* 232 Cal.App.2d 4, 6 [42 Cal.Rptr. 516]). ▮ The rule is that the exclusions and exceptions are construed strictly against the insurer and liberally in favor of the insured (*Hendricks* v. *Meritplan Ins. Co.,* 205 Cal.App.2d 133 [22 Cal.Rptr. 682]). ▮ The insured pays a separate premium for the uninsured motorist coverage and may wish to waive the coverage rather than be compelled to accept any reduction therein. Thus it is up to the insurance carrier to clearly provide for the permissive reduction provided for by the statute.

Appellant relies on and cites *Northwestern Mut. Ins. Co.* v. *Rhodes,* 238 Cal.App.2d 64 [47 Cal.Rptr. 467], to argue that under the holding of that case, the insured is not entitled to recover medical expenses under uninsured motorist benefits. Although it does not clearly appear from the language of the

opinion,[2] the policy in that case, unlike the policy here, contained an express provision that medical payments should be deducted from any uninsured motorist award. Accordingly, the trial court found that the policy coverages were alternative and not cumulative and that the insured was not entitled to recovery under both parts of the policy. We conclude that in the absence of a specific provision in the policy in the instant case, appellant is not entitled to a setoff for the medical benefits paid to respondent.

The order appealed from is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 16, 1966.