276 So.2d 495 (1973)
Eugene MOBLEY, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 72-309.
District Court of Appeal of Florida, Second District.
April 27, 1973.
David A. Maney, and Richard Mulholland, Tampa, for appellant.
Fowler, White, Gillen, Humkey, Kinney & Boggs, Tampa, for appellee.
MANN, Chief Judge.
Mobley's wife was injured by an uninsured motorist. Mobley seeks a judgment declaring Allstate, his insurer, liable to him under the uninsured motorist clause[1] for damages for loss of consortium. In a second count, he seeks damages. Allstate's motion to dismiss was granted because "there is no separate cause of action by the husband for the society, companionship, consortium, assistance and services of the wife under the uninsured motorist coverage afforded by the policy alleged in the complaint."
Without reaching possible defenses to the action or treating as "fact" allegations embodied in the answer of Allstate or in its brief, we hold simply that damages for loss *496 of consortium are as fully recoverable under an uninsured motorist clause as any other type of damages. Our Supreme Court has made it clear that the clause effectively substitutes the insured's carrier for the negligent uninsured motorist. If that motorist is liable, there is coverage under the clause.[2]
Dismissal at this stage was erroneous, and the order is thereupon
Reversed.
HOBSON and BOARDMAN, JJ., concur.
NOTES
[1] "Damages for Bodily Injury Caused by Uninsured Automobiles

"The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree may be made by arbitration."
[2] Mullis v. State Farm Mutual Automobile Insurance Co., Fla. 1971, 252 So.2d 229.