351 So.2d 1086 (1977)
Alvaro SUAREZ, Appellant,
v.
Carlos AGUIAR, Etc., Appellee.
Carlos AGUIAR, Individually and As Administrator of the Estate of Ileana Elsa Aguiar, Deceased, Appellant,
v.
CUMIS INSURANCE SOCIETY, INC., Appellee.
Nos. 76-1746 and 76-1747.
District Court of Appeal of Florida, Third District.
November 1, 1977.
Rehearing Denied December 5, 1977.
*1087 George P. Telepas, Miami, for Suarez.
Stabinski, Funt, Tucker & Levine, Miami, for Aguiar.
Smathers & Thompson, Miami, for Cumis Ins.
Before PEARSON, HUBBART and KEHOE, JJ.
PEARSON, Judge.
Alvaro Suarez and Carlos Aguiar, individually, and as administrator of the estate of Ileana Elsa Aguiar, have separately appealed a Final Declaratory Judgment which held that the appellee, Cumis Insurance Society, Inc., was liable upon its insurance policy for uninsured motorist coverage in the amount of $20,000 per automobile for a total of $60,000.00, and that punitive damages are not recoverable under uninsured motorist coverage. The appeals have been consolidated for all appellate purposes.[1]
Appellants' first point urges that the trial judge erred in finding that the insured had rejected uninsured motorist coverage in the full amount of the limits of liability insurance purchased by the insured. The trial court has given us the benefit of extensive findings of fact.[2] Appellant has failed to point out any particular in which these findings are not supported by the record. We conclude that the record and the statute support the conclusion reached by the trial judge. Cf. Lopez v. Midwest *1088 Mutual Insurance Company, 223 So.2d 550 (Fla.3d DCA 1969).
Appellants' second point claims error upon the trial judge's holding that punitive damages are not recoverable under uninsured motorist coverage. It is conceded that there is no direct holding by an appellate court in Florida that punitive damages are recoverable under uninsured motorist coverage. It is argued that such a holding would be a logical development from the case law established in Mobley v. Allstate Insurance Company, 276 So.2d 495 (Fla.2d DCA 1973); and Leatherby Insurance Company v. Willoughby, 315 So.2d 553 (Fla.2d DCA 1975). The Mobley case held that damages for loss of consortium were recoverable under uninsured motorist coverage. The Leatherby case held that damages for an intentional tort were recoverable. The statute, Section 627.727, Florida Statutes (1973), provides that damages resulting from "... bodily injury, sickness or disease, including death, resulting therefrom ..." may be recovered. It should be noted that both the Mobley and Leatherby cases allowed recovery for actual damages to the insured which are compensatory in nature.
Punitive damages are distinguished from compensatory damages in that punitive damages do not have as their primary purpose the making of a plaintiff whole after a bodily injury, sickness or disease. See Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (Fla. 1936); Rosenberg v. Ryder Leasing, Inc., 168 So.2d 678 (Fla.3d DCA 1964); and Wrains v. Rose, 175 So.2d 75 (Fla.2d DCA 1965).
In Northwestern National Casualty Company v. McNulty, 307 F.2d 432 (5th Cir.1962), the United States Court of Appeals, applying Florida law, held that an automobile liability policy does not cover punitive damages assessed against the insured. While not binding as precedent, the reasoning based upon public policy is persuasive and the holding has been adopted by the District Court of Appeal for the Second District. See Nicholson v. American Fire and Casualty Ins. Co., 177 So.2d 52 (Fla.2d DCA 1965).
We conclude from the law as established and the reading of the statute that the uninsured motorist coverage in the State of Florida does not include liability for punitive damages.
Affirmed.
NOTES
[1] The parties have agreed that for the purpose of determining the amount of the coverage, the court properly considered Section 627.727, Florida Statutes (1973), which is for the purposes of this appeal identical with Section 627.727, Florida Statutes (1975).
[2] The insured had knowledge of the fact that he was entitled to UMI coverage in the same amount as his liability coverage (exhibits two and three for the Plaintiff, which Plaintiff testified that he read and understood). The Court finds that the required offer of coverage was made (distinguished Aetna Casualty & Surety Company v. Green, Fla.App., 327 So.2d 65, where the Court found that the insured did not have knowledge nor was offered UMI coverage).
"7. The telephone application was then processed and the insured received a premium quotation (Defendant's exhibit A into evidence) which contained an application on the reverse side of the document, together with Plaintiff's exhibits two and three. The application indicated coverage commenced on May 1, 1974 (expires May 15, 1974) and upon signing the application and remitting a premium the policy would remain effective six (6) months from May 1, 1974. The policy clearly indicates the special package of $50,000.00 liability and $20,000.00 UMI. The insured filled out the balance of the application and returned same to the Defendant company with a check for his premium."