ANSTEAD, Judge.
Allstate Insurance Company seeks review of a summary declaratory judgment determining Zipporah Collier’s right to arbitration of an uninsured motorist claim subsequent to arbitration of the claim of her injured spouse. Appellant Allstate presents only one point on appeal, namely:
WHETHER THE MANDATORY JOIN-DER OF DERIVATIVE CLAIMS STATUTE, SECTION 627.7403, FLORIDA STATUTES IS APPLICABLE TO DERIVATIVE CLAIMS ASSERTED IN ARBITRATION PROCEEDINGS UNDER THE FLORIDA UNINSURED MOTORIST INSURANCE LAW, SO AS TO BAR A DERIVATIVE CLAIM SOUGHT TO BE ARBITRATED SUBSEQUENT TO THE ARBITRATION OF THE INJURED SPOUSE’S UNINSURED MOTORIST CLAIM.
We answer this question in the negative.
Percy Collier was injured when the car he was driving was hit by an uninsured motor vehicle. At the time, Collier was insured by Allstate for $100,000 per person or $300,000 per occurrence. Collier made a formal demand on Allstate for arbitration pursuant to the terms of the insurance contract providing for arbitration of such claims. A three-man panel was convened and heard testimony from Collier and his daughter, Yvonne Reichler, that the accident had aggravated an existing heart condition and back injury and limited his ability to care for himself and his wife, Zipporah Collier. Zipporah, who is partially paralyzed as the result of a brain tumor, was hospitalized at the time of the hearing, having recently undergone surgery. The panel awarded Collier $23,000, which Allstate subsequently paid. The receipt and release form that Collier executed provided in part: “This does not release any claims of Zipporah Collier or any PIP or property damage claims.”
Shortly after the arbitration proceedings for her husband had concluded, and before Allstate paid her husband’s claim, Zipporah made a demand for arbitration of her derivative claim for loss of consortium as a result of her husband’s injury. Allstate then filed a complaint for declaratory relief, alleging that Mrs. Collier’s claim was barred by the provisions of section 627.7403. Ultimately the trial court rendered a summary final judgment holding that Mrs. Collier’s claim was not barred.
At common law a wife could not maintain an action for loss of consortium due to the injury of her husband. In Gates v. Foley, 247 So.2d 40 (Fla.1971), Florida followed the lead of the majority of jurisdictions in the United States by abrogating the old rule as violative of equal protection. Gates also recognized that a claim for loss of consortium, though derivative, may be maintained as a separate cause of action. *381 247 So.2d at 45; see also Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980). Damages for loss of consortium are also recoverable under uninsured motorist coverage, Mobley v. Allstate Insurance Co., 276 So.2d 495 (Fla. 2d DCA 1973).
Allstate asserts that Mrs. Collier’s claim is barred by section 627.7403, Florida Statutes, which states:
In any action brought pursuant to the provisions of s. 627.737 claiming personal injuries, all claims arising out of the plaintiff’s injuries, including all derivative claims, shall be brought together, unless good cause is shown why such claims should be brought separately.
Because this statute constitutes a deviation from the common law rule allowing claims to be brought separately, we are obligated to narrowly construe its provisions so as to take away as few rights as possible consistent with the language of the statute and its apparent purpose. In re Levy’s Estate, 141 So.2d 803 (Fla. 2d DCA 1962). Allstate maintains that appellee’s claim for consortium is encompassed by the phrase “any action” in this section. Under a very broad construction of the statute perhaps this is so. However, under the narrower construction we must give to the section, mandatory joinder is only required “in any action brought pursuant to the provisions of § 627.737.” Mrs. Collier’s action was brought pursuant to the provisions of her contract of insurance with appellant, not pursuant to the provisions of section 627.-737. In our view section 627.7403 was enacted to mandate joinder of all personal injury claims in a single tort action at law. While we might agree that it would be sound policy to extend the requirement for joinder in civil actions for personal injuries to arbitration proceedings on contractual uninsured motorist claims, we simply do not have the authority to do so.
Because our construction of the statute supports the trial court’s resolution of this case we need not decide whether appellee’s claim falls within the “good cause” exception set out in the statute. Accordingly, for the reasons set out above, we affirm the trial court’s orders and judgment.
SHAHOOD, GEORGE, Associate Judge, concurs.
HURLEY, J., dissents with opinion.