[No. F003416. Fifth Dist. Jan. 29, 1985.]

CALIFORNIA STATE AUTOMOBILE ASSOCIATION INTER-
INSURANCE BUREAU, Plaintiff and Respondent, v.
IRA LEE CARTER, Defendant and Appellant.

COUNSEL

Miles, Sears & Eanni and William J. Seiler for Defendant and Appellant.

McCormick, Barstow, Sheppard, Wayte & Carruth, James P. Wagoner and David H. Bent for Plaintiff and Respondent.

OPINION

**HANSON (P. D.), Acting P. J.**—We review a summary judgment of the Fresno County Superior Court ordering that defendant insured is enjoined

from seeking to arbitrate the question of entitlement to punitive damages under the uninsured motorist provisions of an automobile insurance policy issued by plaintiff. The trial court also ruled defendant could not recover, under the California uninsured motorist law (Ins. Code,[1] § 11580.2) or the policy issued by plaintiff, any punitive damages awarded by an arbitrator based on the conduct of the alleged uninsured motorist.

 The question of whether an insured may collect punitive damages from her own insurer under the uninsured motorist coverage of an automobile liability policy is one of first impression in California. Neither party presents relevant California case law on point, and we find none. We conclude the trial court was correct in granting summary judgment; the statutory language and the purposes of uninsured motorist coverage and punitive damages do not encompass such recovery as sought by defendant.

The law requiring that all automobile liability policies issued in California include uninsured motorist coverage was first enacted in 1959 (Stats. 1959, ch. 817, § 1, p. 2835). In 1961 the legislation was repealed and reenacted substantially as it reads in its present form (Stats. 1961, ch. 1189, § 1, p. 2921). The basic provisions are found in section 11580.2.[2] Today, every

---

[1] All statutory references are to the Insurance Code unless otherwise indicated.

[2] Section 11580.2 provides in pertinent part: "(a)(1) No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, . . . , shall be issued or delivered in this state . . . , unless the policy contains, or has added to it by endorsement, a provision with coverage limits at least equal to the limits specified in subdivision (m) and in no case less than the financial responsibility requirements specified in Section 16056 of the Vehicle Code insuring the insured, the insured's heirs or legal representative for all sums within such limits which he, she, or they, as the case may be, shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle. . . .
" . . . . . . . . . . . . . . . . . . . . . . .
"(b) As used in (a) above, 'bodily injury' includes sickness or disease, including death, resulting therefrom; . . . As used in this section, the term 'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident, or there is such applicable insurance or bond but the company writing the same denies coverage thereunder or refuses to admit coverage thereunder except conditionally or with reservation, . . . or a motor vehicle used without the permission of the owner thereof if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the owner or operator thereof, or the owner or operator thereof be unknown, provided that, with respect to an 'uninsured motor vehicle' whose owner or operator is unknown:
" . . . . . . . . . . . . . . . . . . . . . . .
"(2) . . . [¶] As used in this section, the term 'uninsured motor vehicle' also means an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency. . . .
" . . . . . . . . . . . . . . . . . . . . . . .
"(f) The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the

automobile liability policy "issued or delivered" in California covering liability arising out of the ownership, maintenance or use of a motor vehicle must include uninsured motorist coverage—a form of bodily injury or wrongful death insurance to compensate the insured for damage inflicted by financially irresponsible motorists.

■ "The purpose of this mandatory coverage is to minimize losses to the drivers in California who are involved through no fault of their own in collisions with financially irresponsible and uninsured adverse drivers." (*Waite* v. *Godfrey* (1980) 106 Cal.App.3d 760, 771 [163 Cal.Rptr. 881].) The statute is designed to guarantee an insured driver the minimum financial responsibility of an adverse uninsured motorist when the insured driver is legally entitled to recover against the uninsured motorist. (*Ibid.*)

The language of section 11580.2, subdivision (a)(1), requires coverage insuring ". . . all sums [within the statutory or policy limits] which [the insured] shall be legally entitled to recover as damages for bodily injury or wrongful death from the owner or operator of an uninsured motor vehicle." On its face, the statute appears to limit recovery under uninsured motorist coverage to compensatory damages for bodily injury.

Defendant notes that Civil Code section 3281 defines damages by stating: "Every person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." She further points out that "detriment" is defined by Civil Code section 3282 as ". . . loss or harm suffered in

---

amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration. . . .

"(g) The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against any person legally liable for such injury or death to the extent that payment was made. Such action may be brought within three years from the date that payment was made hereunder. . . .

". . . . . . . . . . . . . . . . . . .

"(m) Coverage provided under an uninsured motorist endorsement or coverage shall be offered with coverage limits equal to the limits of liability for bodily injury in the underlying policy of insurance, but shall not be required to be offered with limits in excess of the following amounts:

"(1) A limit of thirty thousand dollars ($30,000) because of bodily injury to or death of one person in any one accident.

"(2) Subject to the limit for one person set forth in paragraph (1), a limit of sixty thousand dollars ($60,000) because of bodily injury to or death of two or more persons in any one accident."

The quoted language of section 11580.2 is taken from the 1984 Insurance Code. A 1983 amendment to this section made nonsubstantive changes to neutralize gender and to improve wording.

person or property." From these definitions, defendant concludes the phrase "all sums [which the insured or his legal representative] shall be legally entitled to recover as damages" includes punitive damages by inferring the modifying language ". . . for bodily injury or wrongful death . . ." was inserted *only* to exclude awards for property damage. (§ 11580.2, subd. (a)(1).)

Defendant's interpretation obviously is not found in the "plain language" of the statute. If anything, a facial analysis of section 11580.2 indicates a very limited scope of recovery. The omission of a provision for punitive damages, which could easily have been included, more nearly indicates a legislative intent to deny such recovery. (See *Security Nat. Ins. Co.* v. *Hand* (1973) 31 Cal.App.3d 227 [107 Cal.Rptr. 439].)

The purposes of uninsured motorist coverage and punitive damages differ. Uninsured motorist coverage is designed to guarantee reimbursement to an insured motorist for injuries wrongfully inflicted by a financially irresponsible motorist without automobile liability coverage. (*Waite* v. *Godfrey, supra,* 106 Cal.App.3d 760, 771; *Firemen's Ins. Co.* v. *Diskin* (1967) 255 Cal.App.2d 502, 505 [63 Cal.Rptr. 177].) Damages are payable for injury caused by pain, suffering, inconvenience, loss of wages or other compensation and for expenditures by the insured for treatment of injuries received. (*Northwestern Mut. Ins. Co.* v. *Rhodes* (1965) 238 Cal.App.2d 64, 67 [47 Cal.Rptr. 467].)

Punitive damages are not designed to compensate a plaintiff for actual losses (*Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 469 [72 Cal.Rptr. 344, 446 P.2d 152]), but rather, to punish and deter the wrongdoer. (Civ. Code, § 3294;[3] *Neal* v. *Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 928, fn. 13 [148 Cal.Rptr. 389, 582 P.2d 980].) Punishment is effected if the wrongdoer himself must pay. For this reason, the court in *Evans* v. *Gibson* (1934) 220 Cal. 476, 489-490 [31 P.2d 389], recognized "Such damages are allowed . . . 'for the sake of example and by way of punishing the defendant' " and held the estate of a dead tortfeasor immune from assessment of punitive damages.

The insurance company providing uninsured motorist coverage is not a wrongdoer. In this type of situation, the wrongdoing uninsured motorist is not even a party to the action. The purpose underlying an award of punitive

---

[3]Civil Code section 3294 provides in pertinent part: "(a) In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

damages is not served here by passing the liability on to the insurance company. Awarding punitive damages against the insurer would merely result in higher premiums for the coverage.

■ Further, to allow recovery of punitive damages under uninsured motorist coverage, in effect, puts the insured in a better position than if the other driver had been insured. The liability of the insurer under uninsured motorist coverage is contingent on the insured's right to legal recovery against the uninsured driver. Uninsured motorist coverage provides reimbursement from one's own carrier only for the kind of loss recoverable had the adverse driver been insured. (*Waite* v. *Godfrey, supra,* 106 Cal.App.3d 760, 771; *Farmers Ins. Exchange* v. *Hansel* (1970) 12 Cal.App.3d 570, 573 [90 Cal.Rptr. 654].)

Under the usual policy of automobile liability insurance, the insurer is exempt from all damages, including punitive damages, resulting from the intentional acts of the insured. Public policy mandates that the burden of punitive damages be borne by the wrongdoer. The state's policy with respect to punitive damages would be frustrated by permitting punitive damages to be assessed against an insurance carrier. (§ 533[4]; *Peterson* v. *Superior Court* (1982) 31 Cal.3d 147, 158 [181 Cal.Rptr. 784, 642 P.2d 1305]; *City Products Corp.* v. *Globe Indemnity Co.* (1979) 88 Cal.App.3d 31, 42 [151 Cal.Rptr. 494].)

Since plaintiff stands in the shoes of the imaginary insurer of the uninsured driver, and defendant could not recover punitive damages from the imaginary insurer for the wilful acts of the uninsured driver, allowing such recovery from her own insurer under the provisions of uninsured motorist coverage from her policy would place defendant in a better position than had the adverse driver been insured.

An award of punitive damages would contradict the principle that uninsured motorist coverage is not intended to place the insured in any better

---

[4]Section 533 provides: "An insurer is not liable for a loss caused by the wilful act of the insured; but he is not exonerated by the negligence of the insured, or of the insured's agents or others."

Section 533 is a codification of public policy against indemnifying the willful acts and wrongs of another. (*Nuffer* v. *Insurance Co. of North America* (1965) 236 Cal.App.2d 349, 354 [45 Cal.Rptr. 918].) However, punitive damages also may be awarded on the basis of nonintentional torts, arising from conduct which constitutes reckless disregard for another's rights or safety. (*Taylor* v. *Superior Court* (1979) 24 Cal.3d 890 [157 Cal.Rptr. 693, 598 P.2d 854].) In that instance, section 533 will not exonerate the insurer from indemnifying for actual losses, but the reimbursement for punitive damages will still be barred. (See *Peterson* v. *Superior Court, supra,* 31 Cal.3d 147, 158-159.) Respondent does not contend section 533 insulates it from paying defendant's actual damages under the uninsured motorist coverage.

position than she would have been had the tortfeasor been insured. (*Mid-Century Ins. Co.* v. *Koch* (1970) 11 Cal.App.3d 1019, 1023 [90 Cal.Rptr. 280].) Such an interpretation is not within the purposes of section 11580.2 and could not have been intended by the Legislature.

An exception to a bar to indemnification for intentional acts under section 533 is found when an insured is held vicariously liable for compensatory damages caused by another's willful tort. (*City Products Corp.* v. *Globe Indemnity Co., supra,* 88 Cal.App.3d 31, 37.) In *Arenson* v. *Nat. Automobile & Cas. Ins. Co.* (1955) 45 Cal.2d 81, 83 [286 P.2d 816], an insured father was entitled to coverage when held liable for "the amount of damage" sustained by a school district as a result of his minor son's starting a fire.

Defendant attempts to analogize the above exception to uninsured motorist coverage. However, uninsured motorist coverage does not result in vicarious liability. Neither the insured nor the uninsured motorist is attempting to pass responsibility for his own malicious or intentional acts onto the insurance company. The coverage is paid by premiums from the insured and is merely direct protection for the insured should he have an automobile accident with an uninsured driver. The coverage arises by way of direct contract between the insured and the insurance company to which the uninsured driver has no connection at any time. Defendant admits as much by stating ". . . all that is involved is a contract by which CSAA agreed to assume the risk of no financial responsibility on the part of a tortfeasor causing injury to defendant." The adverse uninsured driver is not party to the contract or any subsequent action arising under it.

Although a policy may provide coverage broader than that required under the law (*Lumberman's Mut. Cas. Co.* v. *Wyman* (1976) 64 Cal.App.3d 252, 257 [134 Cal.Rptr. 318]), the policy language of defendant's uninsured motorist coverage under part IV is virtually identical to section 11580.2.[5]

---

[5]Part IV of the policy, "Protection Against Uninsured Motorist," provides in relevant part: "UNINSURED MOTORISTS (DAMAGES FOR BODILY INJURY) [¶] To pay for all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the Bureau, or if they fail to agree, by arbitration."

Part IV goes on to state that the definitions under part I of the policy, except for the definition of "insured," apply to part IV.

Part I of the policy concerns, in part, bodily injury liability and expressly precludes the

Therefore, we construe the policy in the same manner as the statute. Unless the statute itself requires coverage for punitive damages under these circumstances, such damages are not payable under the policy which goes no farther than the statute and, in fact, expressly excludes payment of exemplary damages.

Because there is no California case law on point, plaintiff attached to its motion for summary judgment various decisions of courts of other jurisdictions; there is a split of authority in those decisions as to the recoverability of punitive damages under uninsured motorist coverage.[6] We hold the better view, based on the purposes of punitive damages and uninsured motorist insurance, as discussed in the various cases and in this opinion, is to deny recovery.

Defendant finally contends that despite conflicting appellate decisions in other jurisdictions plaintiff has continued to write uninsured motorist coverage without any attempt to clarify its position on the issue of the recoverability of punitive damages, and because the issue is reasonably capable of being interpreted in defendant's favor, and plaintiff has failed to make clear the extent of its coverage, the general rule should prevail that coverage clauses in insurance policies are interpreted liberally in favor of the insured.

However, the general rule does not apply in this instance; this case presents a first impression issue of law in California; we are not concerned with the mere interpretation of vague wording in a particular insurance policy. Conflicting appellate decisions in various other jurisdictions do not have determinative effect on a previously undecided question of California statutory interpretation.

We agree with the trial court that punitive damages may not be awarded under either the statute or the policy, and hold there is no triable issue of

---

payment of punitive damages due to bodily injury: "BODILY INJURY LIABILITY; PROPERTY DAMAGE LIABILITY [¶] To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages, other than punitive or exemplary damages, because of: [¶] (a) bodily injury, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by any person; . . ."

[6]In *Braley* v. *Berkshire Mut. Ins. Co.* (Me. 1982) 440 A.2d 359, *Suarez* v. *Aguiar* (Fla. 1977) 351 So.2d 1086, 1088, *Hanna* v. *State Farm Mutual Automobile Insurance Co.* (D.S.C. 1964) 233 F.Supp. 510, and *Laird* v. *Nationwide Insurance Company* (1964) 243 S.C. 388 [134 S.E.2d 206], the courts held that punitive damages were not recoverable under the particular jurisdiction's uninsured motorist law. See also *Cuppett* v. *Grange Mut. Companies* (1983) 12 Ohio App.3d 82 [466 N.E.2d 180]; *Home Indemnity Company* v. *Tyler* (Tex. 1975) 522 S.W.2d 594; and *Lipscombe* v. *Security Insurance Co. of Hartford* (1972) 213 Va. 81 [189 S.E.2d 320] where the courts held punitive damages were recoverable based on the statutory language or language of the particular policy.

fact for decision (Code Civ. Proc., § 437c, subd. (c)); the granting of summary judgment was proper.

The judgment is affirmed; plaintiff receives costs on appeal.

Martin, J., and Hamlin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 27, 1985.