DENNIS, Justice,
dissenting.
I disagree with the majority’s conclusion that the plaintiffs may collect exemplary damages from their own uninsured motorist insurer. The legislature, in enacting La.C.C. art. 2315.4 and La.R.S. 22:1406(D), did not intend to allow the recovery of punitive or exemplary damages from a plaintiff’s uninsured motorist carrier. In addition, allowing such recovery under the circumstances presented in this case violates the legislative purpose behind La.C.C. art. 2315.4, because the culpable defendant will not bear part of the cost of the punitive award.
Our civil law has historically provided compensatory damages to victims of torts, but we have consistently rejected the common law remedy of punitive or exemplary damages. Ricard v. State, 390 So.2d 882 (La.1980); Terry v. Butler, 240 La. 398, 123 So.2d 865 (1960). This is because from the plaintiff’s perspective, an award of exemplary damages is a windfall. The quantum of damages is not related to the injury suffered by the plaintiff, but to the quality of the defendant’s wrongful act. Recently, however, the legislature has authorized the award of such damages in certain situations where the perceived evil of the defendant’s conduct is seen as particularly egregious. See, e.g., La.C.C. arts. 2315.3, 2315.4. The dual purposes of exemplary damages are to punish the defendant and to deter others from committing similar acts. Because of the punitive and deterrent nature of such damage awards, some common law states have not allowed defendants to insure themselves against exemplary damage awards. According to this approach, allowing or requiring insurers to pay these awards would decrease both the intended punitive and deterrent effects of the awards. On the other hand, insurance policies generally do not exclude such damages and should be strictly construed against the insurer. On this basis, some states allow the insurability of exemplary damages, and these courts note that the punitive effect of the award is maintained by the higher liability insurance rates the culpable defendant will be forced to pay. For discussions of the issues raised by attempts to collect punitive damages from insurers, see R. Keeton & A. Widiss, Insurance Law § 5.3(g) (1988); 15A Couch on Insurance 2d § 56:9 (1983); Annotation, Punitive Damages as within Coverage of Uninsured or Underinsured Motorist Insurance, 54 A.L.R.4th 1186 (1987); Annotation, *304 Liability Insurance Coverage as Extending to Liability for Punitive or Exemplary Damages, 16 A.L.R.4th 11 (1982); Schumaier & McKinsey, The Insurability of Punitive Damages, 71 A.B.A.J. 68 (Mar. 1, 1986); Comment, The Insurability of Punitive Damages in Louisiana, 48 La.L.Rev. 1161 (1988); Comment, Punitive Damages under Uninsured Motorist Coverage — Oregon’s Probable Approach, 24 Willamette L.Rev. 983 (1988); Comment, Torts — Insurance Coverage and Scope of Liability for Punitive Damages, 58 Or.L.Rev. 263 (1979). Although the result is apparently foreordained by the majority’s decision in this case, this Court has consistently refused to decide whether liability insurance provides coverage for exemplary damages. See Falgout v. Wilson, 531 So.2d 492 (La.App. 1st Cir.), writ denied, 532 So.2d 154 (1988); Creech v. Aetna Cas. & Sur. Co., 516 So.2d 1168 (La.App. 2d Cir.1987), writ denied, 519 So.2d 128 (1988); Louviere v. Byers, 526 So.2d 1253 (La.App.3d Cir.), writ denied, 528 So.2d 153 (1988).
Uninsured motorist insurance provides protection for “persons insured thereunder who are entitled to recover damages from the owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death." La.R.S. 22:1406(D)(l)(a)(i). Drivers do not purchase UM coverage to provide insurance protection for the benefit of uninsured drivers; they purchase it to ensure themselves adequate compensation for bodily injury damages if they are injured in an accident caused by an uninsured or underinsured driver. Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982); Booth v. Fireman’s Fund Ins. Co., 253 La. 521, 218 So.2d 580 (1968); see also Brown v. Progressive Mut. Ins. Co., 249 So.2d 429 (Fla.1971); Laird v. Nationwide Ins. Co., 243 S.C. 388, 134 S.E.2d 206 (1964); Horne v. Superior Life Ins. Co., 203 Va. 282, 123 S.E.2d 401 (1962); 12A Couch on Insurance 2d § 45:624 (1981). Exemplary damage awards do not provide compensation for bodily injury. In making such awards, courts punish the wrongdoer and make an example of him in order to deter others. See, e.g., Suarez v. Aguiar, 351 So.2d 1086 (Fla.App. 3rd Dist.1977), cert. dismissed, 359 So.2d 1210 (1978). A plaintiff who collects the full amount of his compensatory damages, but who cannot collect exemplary damages due to the defendant’s impecunity or lack of insurance, does not suffer any loss, pecuniary or otherwise, against which he may insure himself, and a defendant whose punitive damage judgment is paid by the plaintiff’s UM carrier is not even indirectly punished, deterred or exemplified. See State Farm Mut. Auto. Ins. Co. v. Daughdrill, 474 So.2d 1048 (Miss.1985). If the legislature intended compensatory recovery of bodily injury damages to include punitive recovery of exemplary damages, it should have made this counterintuitive purpose explicit. In the absence of such an express statement, this court should hold, as have others, that UM insurers are not liable for exemplary damages. See State Farm Mut. Auto. Ins. Co. v. Wilson, 162 Ariz. 251, 782 P.2d 727 (1989); Braley v. Berkshire Mut. Ins. Co., 440 A.2d 359 (Me. 1982); Laird v. Nationwide Ins. Co., supra; State Farm Mut. Auto. Ins. Co. v. Daughdrill, supra; Allen v. Simmons, 533 A.2d 541 (R.I.1987); California State Auto. Ass’n Inter-Ins. Bureau v. Carter, 164 Cal.App.3d 257, 210 Cal.Rptr. 140 (1985); Suarez v. Aguiar, supra; State Farm Mut. Auto. Ins. Co. v. Mendenhall, 164 Ill.App.3d 58, 115 Ill.Dec. 139, 517 N.E.2d 341 (1987); Burns v. Milwaukee Mut. Ins. Co., 121 Wis.2d 574, 360 N.W.2d 61 (App.1984); see also 2 No-Fault and Uninsured Motorist Automobile Insurance § 23.60[8] (1989).
This rationale applies with even greater force in the present case. Some courts allow payment of exemplary damages by uninsured motorist carriers because the insurer may ultimately collect from the defendant via subrogation. See Hutchinson v. J. C. Penney Cas. Ins. Co., 17 Ohio St.3d 195, 478 N.E.2d 1000 (1985); Lipscombe v. Security Ins. Co., 213 Va. 81, 189 S.E.2d 320 (1972). The plaintiffs here settled with the underinsured motorist and his insurance carrier for the limits of the policy, and they proceeded against their own UM insurer for damages. Since the defendant *305 has been released, the insurer has no right of subrogation against him. Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La. 1979). Because the defendant and his own insurer are effectively shielded from bearing the cost of the exemplary damage award, the award does not further the legislative purpose behind La.C.C. art. 2315.4 in any way.
I would hold that uninsured motorist insurance does not provide coverage for exemplary damages, particularly when the insurer is prevented from recovering the payment from the culpable defendant. Accordingly, I respectfully dissent.