[Civ. No. 27671.   Second Dist., Div. Four.   Feb. 11, 1964.]

JAMES M. SINCLAIR, JR., Plaintiff and Appellant, v. ROGER ARNEBERGH, as City Attorney, etc., Defendant and Respondent.

James M. Sinclair, Jr., in pro. per., for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Victor P. Spero and William B. Burge, Deputy City Attorneys, for Defendant and Respondent.

BURKE, P. J.—Plaintiff instituted this taxpayer's suit against the Los Angeles City Attorney, claiming that his representation of city policemen in civil tort actions brought against them in their individual capacities, was, essentially, ultra vires, and that an injunction should issue enjoining such representation. A general demurrer to the complaint was sustained with leave to amend, and upon failure to amend a judgment of dismissal was entered, from which plaintiff appeals.

■ Plaintiff contends that a complaint alleging the facts of illegal expenditure of funds planned by an officer of the city and the capacity of plaintiff to sue states a cause of action. (Code Civ. Proc., § 526a.)

Such contention is correct if the facts are pleaded, but an examination of the complaint shows the allegations to be general and conclusionary and the complaint should have been amended, if possible. (*Vilardo* v. *County of Sacramento*, 54 Cal.App.2d 413 [129 P.2d 165]; *Foerst* v. *Hobro*, 125 Cal. App. 476 [13 P.2d 1055].)

■ ■ Plaintiff asserts the allegations of the complaint must be accepted as true for the purposes of this appeal, and accordingly it was error to sustain a general demurrer unless the facts alleged show the expenditures to be authorized as a matter of law. (*Terry* v. *Bender*, 143 Cal.App.2d 198 [300 P.2d 119].) Such a conclusion is untenable here because specific authorization for such representation is provided in the statutes, California Government Code sections 995, 995.2, 995.4, 825, and former section 2001.[1] Presumptions that offi-

---

[1]Section 995 of the Government Code provides:

"Except as otherwise provided in Sections 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity."

Section 995.2 of the Government Code provides:

"A public entity may refuse to provide for the defense of an action or proceeding brought against an employee or former employee if the public entity determines that:

"(a) The act or omission was not within the scope of his employment; or

"(b) He acted or failed to act because of actual fraud, corruption or actual malice; or

"(c) The defense of the action or proceeding by the public entity would create a conflict of interest between the public entity and the employee or former employee."

Section 995.4 of the Government Code provides:

"A public entity may, but is not required to, provide for the defense of:

"(a) An action or proceeding brought by the public entity to remove, suspend or otherwise penalize its own employee or former employee, or an appeal to a court from an administrative proceeding by the public entity to remove, suspend or otherwise penalize its own employee or former employee.

"(b) An action or proceeding brought by the public entity against its own employee or former employee as an individual and not in his official capacity, or an appeal therefrom."

Section 995.2 of the Government Code even permits the public entity

cial duty has been regularly performed, that requests for representation were made and that police officers represented were acting within the scope of their employment are justified (*White* v. *Towers*, 37 Cal.2d 727 [235 P.2d 209, 28 A.L.R.2d 636]), and it is obvious that section 995 of the Government Code makes it mandatory upon the city attorney to represent a policeman upon request in a civil action arising out of the scope of his employment. ▆ The city may refuse to do so under the provisions of sections 995.2 or 995.4. This is so whether the tort is intentional or unintentional. Government Code section 996 provides that, alternatively, such defense may be by the city attorney or the public entity may employ other counsel to defend, or such defense may be secured by the public entity purchasing insurance "which requires that the insurer provide the defense."

▆ Plaintiff's contention that the city charter defines the limits of the authority of the city attorney's office and his performance must conform strictly to the manner prescribed is correct as a general proposition of law. (*Kennedy* v. *Ross*, 28 Cal.2d 569 [170 P.2d 904].) However, the existence of express statutory authority determines this issue. These stat-

---

to represent an employee who was outside the scope of his employment and acted with fraud, corruption or actual malice.

This is further supported by the following language in section 825 of the Government Code, as added by chapter 1681, Statutes of 1963:

"If the public entity conducts the defense of an employee or former employee against any claim or action, the public entity shall pay any judgment based thereon or any compromise or settlement of the claim or action to which the public entity has agreed; but, where the public entity conducted such defense pursuant to an agreement with the employee or former employee reserving the rights of the public entity not to pay the judgment, compromise or settlement until it is established that the injury arose out of an act or omission occurring within the scope of his employment as an employee of the public entity, the public entity is required to pay the judgment, compromise or settlement only if it is established that the injury arose out of an act or omission occurring in the scope of his employment as an employee of the public entity."

Attention is also directed to former section 2001 of the Government Code which in part provided:

"(2) Unless provision has been made by the public entity for the employment of other counsel in connection therewith, the attorney for the public entity, upon request of the employee, shall act as counsel in the defense of any action or proceeding brought against an employee of the public entity, in his official or individual capacity, or both, on account of: ...

"(c) Any damages caused by any act or failure to act by such employee occurring during the course of his service or employment."

utes are matters of general application and are binding upon all.[2]

Plaintiff offers the following excerpt from city charter section 42: "The City Attorney must prosecute and defend for the city all actions at law or in equity, and special proceedings for or against the city or in which it may be legally interested, or for any officer of the city in any action or proceeding when directed so to do by the Council, . . ." and states that a policeman is not an officer for charter purposes. (*Davis* v. *Kendrick,* 52 Cal.2d 517 [341 P.2d 673].) Accordingly, plaintiff contends the charter authorization for defending "officers" is not applicable to policemen. ▓ However, the Government Code sections before enumerated employ the general term "employee" which is adequately inclusive of the classification "policemen."

▓ As a matter of general law, municipal corporations have always possessed the discretionary power to indemnify their police officers against liability for acts done within the scope of their employment, to defend them and to appropriate funds for the expense of such defense. (62 C.J.S., § 535, subd. b, p. 982; § 703, p. 1426.) ▓ The reason for the rule is: "The duties of policemen are performed for the benefit of the public, and the public is directly concerned in preserving and protecting these officers from the hazard of death or bodily injuries to which the performance of their official duties expose them. Aside from any considerations purely personal to the officer, it is for the public good that these officers, as instruments through which the city performs its functions, shall be shielded from the personal hazards which attend the discharge of their official duties." (*City of Corsicana* v. *Babb* (Tex.Com.App.) 290 S.W. 736, 737.) With such protection afforded, the public can expect that its laws will be zealously enforced without any hesitation occasioned by considerations of possible personal involvement in defending resulting litigation. It is noteworthy that the comprehensive legislation enacted in 1963 by the California Legislature regarding sovereign immunity or liability for torts committed by employees and agents of public entities (Gov. Code, § 940

---

[2]Charter provisions cannot control in matters of statewide concern where the state has occupied the field. (*Wilson* v. *Beville,* 47 Cal.2d 852, 859 [306 P.2d 789]; *Polk* v. *City of Los Angeles,* 26 Cal.2d 519, 541 [159 P.2d 931]; *Kelso* v. *Board of Education,* 42 Cal.App.2d 415, 418 [109 P.2d 29].)

et seq.) retains the specific authorization for public entities to provide for the defense of policemen in such actions as are here sought to be enjoined.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied February 28, 1964, and appellant's petition for a hearing by the Supreme Court was denied April 8, 1964.