[Civ. No. 13009. Third Dist. Oct. 7, 1971.]

COUNTY OF SACRAMENTO et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
WALTER R. HALE, Real Party in Interest.

470

---

**COUNSEL**

John B. Heinrich, County Counsel, for Petitioners.

No appearance for Respondent.

Floyd V. Gibbert for Real Party in Interest.

## OPINION

**PIERCE, J.***—The County of Sacramento has petitioned for a writ of prohibition restraining the superior court from proceeding with the trial of a petition for a writ of mandate brought by its former auditor-controller, Walter R. Hale (real party in interest), as plaintiff versus the county as defendant. The purpose of the proceeding in mandamus is to compel the county to pay Hale's attorney's fees and costs incurred in defending himself in an earlier criminal proceeding.

The earlier proceeding was based upon a grand jury accusation filed June 18, 1963, to remove Hale from office for wilful misconduct. The charge was dismissed and the dismissal was affirmed by the Court of Appeal for the Fifth District in *People* v. *Hale* (1965) 232 Cal.App.2d 112 [42 Cal.Rptr. 533].[1]

The current mandamus proceeding brought by Hale was the third of three court actions attempting to assert his claim for attorney's fees and costs. In the others demurrers were either sustained or the action abandoned. The claim under all of them was and is that Government Code section 995.8 is apposite to afford Hale relief. That section in relevant part provides: that a public entity is not required to provide for the defense of a criminal action (including a Gov. Code, § 3060, action) brought against an employee or former employee but *may* do so (a) if the criminal action is brought on account of an act or omission in the scope of his employment, and (b) if the defense would be in the best interests of the public entity and if the public employee acted in good faith, without malice, and in the apparent interests of the public entity.

It is the position of the county in bringing the current proceeding that Hale has not stated a cause of action under the foregoing Government Code section and that the trial of the action should be prohibited. This court issued an order to show cause on April 8, 1971.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1]The basis of the grand jury charge was this: Hale before his assumption of public office had been an accountant for a partnership, NAWDSCO, which had a garbage contract with the county. It had, according to the charge, realized excessive profits due to a manipulation of its books. Hale was familiar with this. On September 1, 1961, Hale had become county auditor-controller. Promptly upon assuming that office, Hale had halted an audit of NAWDSCO books by the county which was then underway, launched by his predecessor. Hale, however, had begun a new term of office January 7, 1963. The prosecution of Hale was under Government Code section 3060. It was held that before there could be guilt of wilful misconduct under that section the offense must occur during the term current at the time the misconduct was committed. One basis of the affirmance of the dismissal of the charge was that that had not occurred.

In his opposition Hale enumerates two bases on which he seeks a denial of this writ. The first is delay by the county in raising the grounds upon the basis of which it claims prohibition to be a proper remedy. Hale argues that after the county's demurrer in the mandamus proceeding was overruled it did nothing for 16 months. That proposition is untenable. The county had filed its return; the cause was at issue; it was Hale's responsibility as plaintiff to bring his action to trial. Delay must be laid at the door of Hale, not the county.

The second contention is that the petition does not set forth facts sufficient to allow this court to grant the relief sought. The claim is that it was the responsibility of the county, if it did not elect to pay Hale's attorney's fees and costs under Government Code section 995.8, to make formal findings as to its reasons. Stated in another way, Hale argues that there is an affirmative duty on the part of the county to prove the existence of conditions which must be met before a power which is permissive can be withheld. That is a backhanded way of recasting the statute to read that the county must allow attorney's fees and costs unless it can establish that it would not be to the best interests of the public to do so. That is not what the section says. Hale cites no authority so construing the statute or any other statute similarly worded. Stated more bluntly, he cites no authority at all.

■ Usually the word "shall" connotes mandatory action and "may" connotes discretionary action. (*Cannizzo* v. *Guarantee Ins. Co.* (1966) 245 Cal.App.2d 70, 73 [53 Cal.Rptr. 657] (hg. den.).) Moreover, section 995.8 expressly provides, "A public entity is not required to provide for the defense of a criminal action" such as that here involved.

■ It is a well-established rule of statutory construction that every word, phrase, sentence and part of an act should be effectuated with the resulting interpretation giving effect to the intent of the Legislature. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112 [65 Cal.Rptr. 315, 436 P.2d 315].) "[A] court is prohibited from such a construction as will omit a portion of a statute." (*Id.* at p. 117, citing Code Civ. Proc., § 1858.) A court is required to construe a statute in order to effectuate all of its provisions. (*Burks* v. *Poppy Construction Co.* (1962) 57 Cal.2d 463, 470 [20 Cal.Rptr. 609, 370 P.2d 313].)

Secondly, it is interesting to note that enactment of this section was preceded by a specific legislative direction that counties were not to be responsible for legal expenses incurred by officials in defending actions to remove them from their employment or criminal actions brought against them. See former Government Code section 2001, enacted Statutes 1961,

chapter 1692, page 3669, which provided in pertinent part as follows: "As used in this section: (a) 'Action or proceeding' does not include an action or proceeding to remove an employee from his employment, a criminal action or proceeding against a public employee, or an action or proceeding brought by a public entity against a public employee as an individual and not in his official capacity."

This legislation was repealed by the enactment of section 995 et seq. (Stats. 1963, ch. 1683, p. 3302.)

In section 995 the Legislature provided that a public entity, with exceptions noted,[2] is required to afford a defense to a public employee in a *civil* action. Hale attempts to impose the same obligation upon the public entity when one of its employees is a defendant in a criminal action.

█ As we have shown, where, as here, a criminal action is involved, the entity is given the right to refuse the employee a defense *arbitrarily,* with only a permissive right to compensate him for his attorney's fees and costs in the instances noted. Actually, even assuming that which we do not hold—that an arbitrary refusal would be improper—no arbitrary action by the county appears in the record; nor was any contention thereof asserted until oral argument. Then, for the first time, a claim was made that there had been an allegation of arbitrary action in the complaint. It was admitted that the allegation was conclusionary. We were still not enlightened how or why the board is deemed to have acted arbitrarily in denying Hale's claim. █ " 'Appellate Courts will notice only those assignments pointed out in the brief of appellant, all others are deemed to have been waived or abandoned.' [Citations.]" (*Hanberry* v. *Hearst Corp.* (1969) 276 Cal.App.2d 680, 688 [79 Cal.Rptr. 890]; 3 Witkin, Cal. Procedure (1954). Appeal, § 168, p. 2359.)

Let the writ of prohibition issue as prayed for.

Regan, Acting P. J., and Janes, J., concurred.

---

[2]The exceptions stated in section 995.2 are acts or omissions not within the scope of employment of the employee, those involving fraud, corruption or actual malice, or where a conflict of interest between the public entity and the employee would arise.