[Civ. No. 37663. Second Dist., Div. Three. Oct. 27, 1971.]

OXNARD UNION HIGH SCHOOL DISTRICT et al.,
Plaintiffs and Respondents, v.
TEACHERS INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Steck & Marston, Gould & Dale, Stanley C. Gould and Paul H. Marston for Defendant and Appellant.

Henry E. Kappler for Plaintiffs and Respondents.

**OPINION**

**COBEY, Acting P. J.**—The sole question on this appeal by Teachers Insurance Company is who is liable for the payment of $115,000 to Robert L. Chambers and for the payment of attorneys' fees and court costs in stipulated amounts incurred in the defense of his suits against Oxnard Union High School District and Ova L. Farrow. The trial court adjudged that Teachers, Farrow's insurer, was liable for $100,000, its policy limits, and United Pacific Insurance Company, District's insurer, was liable for $15,000 in excess coverage and that the liability for the attorneys' fees and court costs should be divided between the two insurers proportionately to the principal liabilities just stated. The rationale for this determination was that Teachers' insurance policy covering Farrow and the District as an additional insured afforded primary coverage and United's insurance policy covering the District afforded only coverage excess to that provided by Teachers ($100,000).

Teachers does not challenge this result on the ground that the court misconstrued the two insurance policies. Teachers' position is that this result is contrary to the Governmental Tort Liability Act of 1963, division 3.6 of the Government Code.[1] We disagree and affirm.

On November 3, 1967, Farrow, a history teacher, while acting in the course and scope of his employment as an assistant football coach of the District and while driving his own automobile, struck a motorcycle operated by Chambers. Chambers was injured in the accident and thereafter filed negligence actions against Farrow and the District separately. Teachers and United, respectively, undertook to defend Farrow and the District.

On August 22, 1969, pursuant to sections 825 and 995 of the Governmental Tort Liability Act of 1963,[2] Farrow made written request of the

---

[1]All section references hereafter are to the Government Code, unless otherwise indicated.

[2]In relevant part these sections are as follows:

Section 825: "If an employee . . . of a public entity requests the public entity to defend him against any . . . action against him for an injury arising out of an

District that it defend him in Chambers' suit against him. On November 3, 1969, the District through its counsel rejected the request. On January 5, 1970, by oral stipulation made in open court between counsel for Chambers, Farrow and the District, Chambers' two actions were settled for $115,000 to be paid as determined in the case before us. On March 3, 1970, the District formally rejected Farrow's request that the District defend him in Chambers' suit against him on the ground that such defense would create a conflict of interest between the District and Farrow.[3] (See § 995.2, subd. (c).)

Section 815.2, subdivision (a) of the Act provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would have given rise to a cause of action against the employee. Under the already partially quoted section 825 of the Act, if an employee of a public entity requests in writing not less than 10 days before trial that his employer defend an action against him for an injury arising out of an act or omission occurring within the scope of his employment, the public entity shall pay, among other things, any settlement of the action to which the public entity has agreed. Partially quoted section 995 of the Act generally requires a public entity upon request of an employee to provide him with a defense of any civil action brought against him on account of an act or omission in the scope of his employment.

■ By virtue of these three sections of the Act the District was obligated to pay in full the $115,000 settlement of Chambers' two suits and, in view of the District's failure to defend Farrow in Chambers' suit against him after denying his written request to do so, Farrow's expenses in defending the suit.

■ The District contends, however, that it was privileged to meet these obligations through the insurance policies of Farrow and itself in the manner that the trial court found and adjudicated. The District obtained

---

act or omission occurring within the scope of his employment as an employee of the public entity and such request is made in writing not less than 10 days before the day of trial, the public entity shall pay any judgment based thereon or any compromise or settlement of the . . . action to which the public entity has agreed."

Section 995: ". . . [U]pon request of an employee . . . a public entity shall provide for the defense of any civil action . . . brought against him . . . on account of an act or omission in the scope of his employment as an employee of the public entity."

[3]Since this rejection occurred after the settlement of the action, it was not effective on its own terms. Furthermore it was expressly premised upon the assumed fact that at the time of the accident Farrow was not acting within the scope of his employment. The trial court found expressly to the contrary.

its policy with United in order to comply with Education Code section 1017, subdivision (a)(2) requiring a school district to insure against, among other things, the personal liability of a district for damages and injures to a person caused by the negligent act or omission of an employee when acting within the scope of his employment. (See 27 Ops. Cal. Atty. Gen. 271, 271-272.) This statute does not specify how this obligation to so insure is to be met. The obligation to insure imposed by it, however, is expressly unaffected by the subsequently enacted insurance provisions of the Governmental Tort Liability Act. (See § 991, subd. (a).)

We believe that all that section 1017, subdivision (a)(2) requires of a school district is that it insure its employees fully and completely for the liability specified. In this case the District's policy with United provided such protection through its other insurance clause (which brought in Teachers' $100,000 policy as the primary coverage)[4] and through its own excess coverage beyond the limits of Teachers' policy. We hold that the District properly discharged its liabilities under the Governmental Tort Liability Act by means of the insurance policies of itself and of Farrow in the manner that the trial court found and adjudicated.[5]

Accordingly, the judgment is affirmed.

Schweitzer, J., and Allport, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1971.

---

[4]Permissive user coverage is required by Vehicle Code section 16451.

[5]This holding represents a reasonable construction of the statutes involved. It does, however, impose approximately 87 percent of the liabilities involved upon the insurer of the person (Farrow) who under the Governmental Tort Liability Act is immune from such liabilities.