**Brian HALL, Plaintiff,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, E.R. Myers, Joe Basso, Jim Marsh, David Tristan, and Does 1 through 10, inclusive, Defendants.**

No. C 92–20428 JW.

United States District Court,
N.D. California.

Oct. 19, 1993.

Gregory L. Hartwell, Hartwell & Hartwell, Sacramento, CA, for plaintiff.

Craig Modlin, Deputy Atty. Gen., San Francisco, CA, for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

WARE, District Judge.

Defendants California Department of Corrections ("CDC"), E.R. Myers, Joe Basso, Jim Marsh and David Tristan move to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' argue that Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983 because (1) Plaintiff has not identified the deprivation of a constitutional right, and (2) even if Plaintiff suffered such a deprivation, he was not denied due process of law. As set forth more fully below, the Court finds that Plaintiff was deprived of a protected property interest. However, the Court also finds that although Plaintiff was not afforded a pre-deprivation hearing, there are adequate post-deprivation procedures available such that Plaintiff was not denied due process of law. Accordingly, Defendants' motion to dismiss is hereby GRANTED.

### I. BACKGROUND

This action arises from a claim by Plaintiff that Defendants violated his constitutional right to due process by failing to afford him notice and an opportunity to be heard prior to denying Plaintiff's request for legal representation in a civil action brought against Plaintiff by an inmate at the CDC. Plaintiff is a correctional officer employed by the CDC. Clay Jones, a state prison inmate filed a state court action ("Jones action") against the State of California and several of its employees, including Plaintiff, for bodily injuries and verbal harassment that allegedly occurred on July 30, 1989 at the Correctional Training Facility, Soledad, California.

On March 8, 1991, pursuant to California Government Code § 995 ("§ 995"), Plaintiff formally requested the CDC to provide him with legal representation in defense of the Jones action.[1] By a letter dated May 3, the

---

1. Section 995 directs a public entity to provide legal representation to a public employee in a

CDC denied Plaintiff's request without stating the reasons for its denial. By letters dated May 9 and May 23, 1991, the CDC again denied Plaintiff's request on the basis that Plaintiff was not acting within the course and scope of his employment in performing the acts alleged in the Jones action.

Subsequently, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging that Defendants violated his constitutional rights in their denial of legal representation. Defendants move the Court to dismiss the action for failure to state a claim under § 1983. Specifically, Defendants contend that: the Eleventh Amendment bars a suit in federal court against the CDC; the CDC is not a "person" within the meaning of § 1983; and Plaintiff has not identified the deprivation of any constitutional right secured by the laws of the United States Constitution as required by § 1983.

In his Opposition, Plaintiff concedes that the CDC is not a proper Defendant in the action. However, Plaintiff maintains that he has a constitutionally protected property interest in being provided legal representation. As such, Plaintiff argues that he was deprived of due process when the state failed to afford him a hearing prior to denying his request for legal representation. Plaintiff seeks damages and injunctive relief to require Defendants to provide him with defense and indemnity in the Jones action.

## II. *DISCUSSION*

### A. *Legal Standard*

■ "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). This Court construes the non-moving party's allegations of material

fact as true and construes them in the light most favorable to the non-moving party. *Nieto v. Ecker,* 845 F.2d 868, 870 (9th Cir. 1988).

### B. *Proper Defendants*

■ Plaintiff concedes that the CDC is not a proper Defendant in this action, but maintains that the remaining Defendants Myers, Basso, Marsh and Tristan are proper Defendants. The Eleventh Amendment bars § 1983 actions against state entities and state officials sued in their official capacities. *Thompson v. City of Los Angeles,* 885 F.2d 1439, 1443 (9th Cir.1989) (for Eleventh Amendment purposes, states or government entities are not considered "persons" within the meaning of section 1983); *Leer v. Murphy,* 844 F.2d 628, 632 (9th Cir.1988) (Eleventh Amendment bars inmate's action against state prison officials sued in their official capacity). However, the Eleventh Amendment does not bar suits against state officials sued in their individual capacities for actions taken under color of state law. *Hafer v. Melo,* —— U.S. ——, ——, 112 S.Ct. 358, 362, 116 L.Ed.2d 301 (1991) (state officers may be held personally liable for damages under § 1983 based upon actions taken while acting in their official capacities). Accordingly, Defendant CDC is DISMISSED as a Defendant in this action. Defendants Myers, Basso, Marsh, and Tristan remain proper Defendants in the action as they are sued individually for actions taken under color of state law.

### C. *Plaintiff's Claim Under 42 U.S.C. § 1983*

Pursuant to § 1983, an individual may bring a claim against a person acting under color of state law who violates the individual's constitutional or other federally protected rights.[2] Plaintiff argues that he has stat-

---

civil action brought against the employee because of an act occurring within the scope of his or her employment.

**2.** Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress. For the purposes of this section, any Act of Congress applicable exclusively to the Dis-

ed a claim under § 1983 because he has a protected property interest in a state-provided legal defense that was denied by Defendants without due process.[3]

## 1. Protected Interest

■ The procedural due process guarantees of the Fourteenth Amendment apply only when a constitutionally protected liberty or property interest is at stake. *Board of Regents v. Roth,* 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). While the courts have (*sometimes rather summarily*) found property interests to clearly exist or not exist in particular types of cases, there is little guidance from available case law for determining whether an interest is constitutionally protected in the first (i.e. unique) instance.[4] The most helpful precedent in this regard is *Roth,* supra.

In *Roth,* the Supreme Court noted that there are certain attributes that seem characteristic of protected property interests:

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

408 U.S. at 577, 92 S.Ct. at 2709. The *Roth* court continued:

> trict of Columbia shall be considered to be a statute of the District of Columbia."

3. In his complaint, Plaintiff alleges that he was deprived of both property and liberty interests without due process of law. However, Plaintiff has failed to allege facts to support a claim that he was deprived of a liberty interest. Accordingly, Plaintiff's claim that he was deprived of a liberty interest without due process is DISMISSED. The Court, therefore, proceeds to address Plaintiff's property interest claim.

4. The courts, for example, have found property interests in matters ranging from the right to continued public employment to disability benefits to the goodwill of one's business. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538–39, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985) (public employment); *Gonzalez v. Sullivan,* 914 F.2d 1197, 1203 (9th Cir.1990) (disability benefits); *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1316 (9th Cir.1989) (goodwill of one's business).

> Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Id.*

■ To determine whether Plaintiff in this case has identified a protected interest in § 995 state-provided legal defense, the Court looks to the plain language of that statute and any case law that may be helpful in interpreting the nature and purpose of the provision. Section 995 states:

> Except as otherwise provided in section 995.2 and 995.4, upon request of an employee or former employee, a public entity shall provide for the defense of any civil action or proceeding brought against him, in his official or individual capacity or both, on account of an act or omission in the scope of his employment as an employee of the public entity.[5]

■ "It is a well-established rule of statutory construction that every word, phrase, sentence and part of an act should be effectuated with the resulting interpretation giving effect to the intent of the Legislature." *County of Sacramento v. Superior Court of Sacramento County,* 20 Cal.App.3d 469, 472,

5. California Government Code section 995.2 ("§ 995.2") provides in pertinent part: "(a) A public entity may refuse to provide for the defense of a civil action or proceeding brought against an employee or former employee if the public entity determines any of the following: (1) The act or omission was not within the scope of his or her employment ..."

The exception provided for in California Government Code section 995.4 ("§ 995.4") is inapplicable to this case. Section 995.4 provides: "A public entity may, but is not required to, provide for the defense of: (a) An action or proceeding brought by the public entity to remove, suspend or otherwise penalize its own employee or former employee, or an appeal to a court from an administrative proceeding by the public entity to remove, suspend or otherwise penalize its own employee or former employee. (b) An action or proceeding brought by the public entity against its own employee or former employee as an individual and not in his official capacity, or an appeal therefrom."

97 Cal.Rptr. 771 (1971). Thus a court is required to construe a statute in order to effectuate all of its provisions. *Burks v. Poppy Constr. Co.*, 57 Cal.2d 463, 470, 20 Cal.Rptr. 609, 370 P.2d 313 (1962).

"Usually the word 'shall' connotes mandatory action and 'may' connotes discretionary action." *County of Sacramento*, 20 Cal.App.3d at 472, 97 Cal.Rptr. 771. Section 995 explicitly indicates that a public entity "shall" provide a legal defense to an employee in proceedings arising out of acts or omissions within the scope of employment. Thus, state employees do not have a mere "expectation" of a state-provided legal defense under § 995, but rather have a legitimate claim of "entitlement" to such a defense provided they meet the statutory terms of eligibility.[6] Furthermore, state employees acquire a present interest in this benefit when they become employed by the public entity.

■ This is not a case where the public entity's duty to defend is permissive or discretionary. *Cf. County of Sacramento*, 20 Cal.App.3d at 473, 97 Cal.Rptr. 771 (county may arbitrarily refuse defense under California Government Code § 995.8, which permissively allows public entity to provide for criminal defense).[7] Rather, the plain language of § 995 indicates, and case law reaffirms, that the § 995 duty to defend is mandatory. *See Younker v. County of San Diego*, 233 Cal.App.3d 1324, 1329, 285 Cal.Rptr. 319 (1991) (county statutorily "obligated" to provide § 995 defense); *Wright v. Compton Unified School Dist.*, 46 Cal.App.3d 177, 181–

82, 120 Cal.Rptr. 115 (1975) (school district under "duty imposed by law" to provide defense); *County of Sacramento*, 20 Cal.App.3d at 473, 97 Cal.Rptr. 771 (public entity "required" under § 995 to afford defense to public employee in civil action); *Sinclair v. Arnebergh*, 224 Cal.App.2d 595, 598, 36 Cal.Rptr. 810 (1964) (§ 995 makes it "mandatory" upon city attorney to provide defense).

Furthermore, while it is true that the public entity "may," pursuant to § 995.2, deny § 995 legal representation if it determines that the public employee was not acting within the scope of employment, the discretion to deny a benefit to those who do not meet the statutory terms of eligibility does not undermine the benefit's status as a protected property interest in the first instance. *See Roth*, 408 U.S. at 577, 92 S.Ct. at 2709 (even though *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), welfare recipients had not yet shown that they were within the statutory terms of eligibility, they had protected property interest in continued receipt welfare benefits and right to opportunity for hearing to so demonstrate). *See also Loudermill*, 470 U.S. at 541, 105 S.Ct. at 1492 ("the Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures. The categories of substance and procedure are distinct. Were the rule otherwise, the Clause would be reduced to a mere tautology. 'Property' cannot be defined by the procedures provided for its deprivation any

---

**6.** *Cf. Suffolk County Patrolmen's Benevolent Ass'n, Inc. v. County of Suffolk*, 595 F.Supp. 1471 (E.D.N.Y.1984) (Under state statute which authorized defense of public employees charged with violating law in performance of duties, plaintiffs attempted to assert protected property interest in not just a legal defense, but in representation by particular counsel of their choice. The court found that plaintiffs did not have a legitimate claim of entitlement to counsel of their choice, but rather only demonstrated an abstract need or desire, which did not support an action under § 1983.). Plaintiff in this case has not claimed protection of a mere "abstract need or desire" such as counsel of his choice. Rather, Plaintiff seeks to establish a property interest in § 995 legal representation in general.

**7.** Section 995.8 provides in relevant part: "A public entity is *not* required to provide for the

defense of a criminal action or proceeding ... brought against an employee or former employee, but a public entity *may* provide for the defense ..." (emphasis added).

The Court notes here that § 995.8 is part of the same statutory scheme as § 995 governing the defense of public employees in various circumstances. Had the Legislature intended to create in § 995 only a mere expectancy of defense in a civil action, rather than a legitimate claim of entitlement, it would have employed the same type of permissive language that it used in enacting § 995.8. *See also* Section 995.4 ("A public entity *may*, but is *not* required to, provide for the defense of [certain actions and proceedings brought by the public entity against its own employee or former employee].") (Emphasis added).

more than can life or liberty."); *Goldsmith v. Board of Tax Appeals,* 270 U.S. 117, 123, 46 S.Ct. 215, 217–18, 70 L.Ed. 494 (1926) (although Board rules provide for discretionary denial of admission to bar, applicant entitled to due process hearing on denial). In fact, most government benefits may be terminated or denied under certain circumstances (ie. are conditional on the recipient meeting the statutory terms of · eligibility), but to hold that this alone somehow diminishes a person's legitimate entitlement would necessarily reduce many of the benefits currently recognized as property interests to mere expectancies and, therefore, leave them unprotected by due process safeguards.

Finally, an articulated goal or purpose of § 995 further supports the conclusion that state employees have a protected property interest in § 995 legal representation. Section 995 protects public employees from the financial burdens that result from third party claims and thus motivates state employees to perform their jobs zealously. *See Younker,* 233 Cal.App.3d at 1330, 285 Cal.Rptr. 319. *See also Tarasoff v. Regents of the Univ. of California,* 17 Cal.3d 425, 445 n. 21, 131 Cal.Rptr. 14, 551 P.2d 334 (1976) (due to provisions such as § 995, "[p]ublic employees [ ] no longer have significant reason to fear liability as they go about their official tasks"); *Sinclair,* 224 Cal.App.2d at 599, 36 Cal.Rptr. 810 ("[w]ith such protection afforded, the public can expect that its laws will be zealously enforced without any hesitation occasioned by considerations of possible personal involvement in defending resulting litigation"). State employees, therefore, arguably rely on the benefits provided for in § 995 in carrying out their daily lives and duties.[8] It is this type of reliance that must be protected and not arbitrarily undermined. *See Roth,* 408 U.S. at 577, 92 S.Ct. at 2709 ("It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is the purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.").

Accordingly, the Court finds that Plaintiff has identified a protected property interest in § 995 state-provided legal representation. However, to state a cognizable claim, Plaintiff must additionally demonstrate that this interest was deprived without due process of law.

**2. Procedural Due Process**

▇▇▇ "Once it is determined that due process applies, the question remains what process is due." *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972).[9] Generally, due process requires some type of hearing before deprivation of a protected property interest. *Sanchez v. City of Santa Ana,* 915 F.2d 424, 429 (9th Cir. 1990); *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1317 (9th Cir.1989). However, it is clear that there are exceptions to the pre-deprivation hearing requirement. *Soranno's,* 874 F.2d at 1317. *See also Goldberg,* 397

---

8. Furthermore, given the broad interpretation given to the meaning of "within the scope of employment," this reliance is understandable. *See Tenwolde v. County of San Diego,* 14 Cal.App. 4th 1083, 1091, 17 Cal.Rptr.2d 789 (1993) ("[A]uthorities construing the meaning of 'scope of employment' ... accord an extremely broad interpretation to the phrase.... Hence, acts which clearly are not authorized by the terms of employment, and are willfully and obviously wrongful, have been held to be within the scope of employment of the governmental servant."). The *Tenwolde* case dealt with a public employee who sought indemnification under California Government Code § 825, which provides for indemnification of a judgment against the employee for causing an injury to a third party by an act or omission occurring within the scope of employment. Section 825 becomes applicable when the public employee, presumably pursuant to § 995, has requested the public entity to defend him in the action.

9. The Court notes here that Plaintiff's complaint fails to allege that the state remedy for redressing the deprivation of his property interest is inadequate (ie. does not afford due process), and that the complaint may be dismissed on this basis. *See Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983), *reh'g denied,* 730 F.2d 466, *cert. denied,* 469 U.S. 834, 105 S.Ct. 125, 83 L.Ed.2d 67 (1984) ("in section 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate"). However, in the interests of judicial time and economy, the Court will nevertheless address the merits of this issue.

U.S. at 263, 90 S.Ct. at 1018 ("It is true, of course, that some governmental benefits may be administratively terminated without affording the recipient a pre-termination evidentiary hearing."); *Parratt v. Taylor*, 451 U.S. 527, 538, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981), *rev'd on other grounds*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) ("We have ... recognized that postdeprivation remedies made available by the State can satisfy the Due Process Clause.").

The courts have seemingly employed various tests to determine the necessity for a pre- vs. post-deprivation hearing in particular cases to satisfy the requirement of due process. In the course of their inquiry, most courts consider the factors outlined by *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). *See Chalkboard, Inc. v. Brandt*, 902 F.2d 1375, 1380–83 (9th Cir. 1989); *National Ass'n of Radiation Survivors v. Derwinski*, 782 F.Supp. 1392, 1395 (N.D.Cal.), *rev'd on other grounds*, 994 F.2d 583, 92 Daily Journal D.A.R. 15723 (9th Cir. 1992); *Loudermill*, 470 U.S. at 542–45, 105 S.Ct. at 1493–95; *Parratt*, 451 U.S. at 542–43, 101 S.Ct. at 1916–17. *Mathews* requires consideration of:

. First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335, 96 S.Ct. at 903.[10]

The Court considers each of these principles in the context of Plaintiff's procedural due process claim. State employees understandably have a substantial private interest in limiting their personal financial responsibility for errors committed in the course of their public employment. The risk of erroneous deprivation of this interest, however, is not great. The § 995 process is not substantially likely to produce many wrongful denials, particularly because of the California Government Code § 996.4 "safety net," [11] and given the abundance of statutory and case law relevant to a determination of whether a state employee was acting within the scope of his employment that is neither complex nor ambiguous. There would be little value to additional or substitute procedural safeguards beyond those already provided for by California Government Code § 996.4, especially given the fact that the employee is not required to wait until the underlying action for which it requests defense is complete before availing himself of this post-deprivation remedy.

The government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements would entail, is significant. In *Laws v. County of San Diego*, 219 Cal.App.3d 189, 201, 267 Cal.Rptr. 921 (1990), the California Court of Appeal concluded:

We believe ... that changes in the manner in which defenses in civil actions are provided for public employees have the potential for enormous fiscal impact on state and local governments. The relationships of public employees groups and their respective employers are also matters of considerable importance to the functioning of government in this state. These are not problems well suited to ad hoc judicial solution. We therefore decline to attempt modification of the existing legislative scheme.

Finally, the existing statutory scheme, pursuant to California Government Code section

10. At least one court, citing *Parratt*, supra, has suggested that perhaps for a post-deprivation hearing to constitute due process, it should be determined that there was either the necessity of quick action by the state or the impracticality of providing any meaningful pre-deprivation process. *See Soranno's*, 874 F.2d at 1317–18. However, it is unclear that such a finding is necessary in every case to uphold the constitutionality of post-deprivation procedures. Indeed, most of the cases reviewed by the Court, including others in the Ninth Circuit, do not require such and are typically content with application of the *Mathews* factors. *See, e.g. Chalkboard*, supra.

11. Section 996.4 is discussed more fully below regarding the availability of post-deprivation remedies.

996.4 ("§ 996.4"), provides a post-deprivation remedy for state employees to seek redress for the deprivation of the § 995 property interest, a remedy that can fully compensate them for the property loss suffered.[12] "Although the state remedies may not provide [an employee] with all the relief which may have been available if he could have proceeded under § 1983, that does not mean that the state remedies are not adequate to satisfy the requirements of due process." *Parratt*, 451 U.S. at 544, 101 S.Ct. at 1917. In weighing the above factors, the Court finds that on balance the state employee's private interest is outweighed by the latter considerations such that a pre-deprivation hearing in § 995 proceedings is not necessary to satisfy the requirements of due process.

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands.... [N]ot all situations calling for procedural safeguards call for the same kind of procedure." *Morrissey*, 408 U.S. at 481, 92 S.Ct. at 2600. The Court finds that the procedures under §§ 995 *et seq.* provide state employees with sufficient due process so as to adequately protect their constitutional interests. *See also Laws*, 219 Cal.App.3d at 192, 199–200, 267 Cal.Rptr. 921 (extensive statutory scheme under California Government Code sections regarding defense and indemnification of public employees provides adequate framework for protection of employees' interests, specifically "[w]here an identifiable issue does exist as to whether the [employee] was acting within the course and scope of his or her employment at the time of the acts complained of").

Therefore, the Court determines that Plaintiff has not demonstrated the deprivation of a property interest without due process of law, and Plaintiff consequently has failed to state a claim under 42 U.S.C. § 1983. Accordingly, Defendants' motion to dismiss Plaintiff's complaint is GRANTED.

### III. CONCLUSION

1. Plaintiff has improperly named Defendant CDC as a defendant in this action. Accordingly, Defendant CDC is DISMISSED from this action.

2. Plaintiff has failed to state a claim upon which relief can be granted as to the remaining Defendants. Accordingly, Defendants' motion to dismiss is GRANTED. Plaintiff's complaint is hereby DISMISSED.

IT IS SO ORDERED.

---

**12.** Section 996.4 provides: "If after request a public entity fails or refuses to provide an employee or former employee with a defense against a civil action or proceeding brought against him and the employee retains his own counsel to defend the action or proceeding, he is entitled to recover from the public entity such reasonable attorney's fees, costs and expenses as are necessarily incurred by him in defending the action or proceeding if the action or proceeding arose out of an act or omission in the scope of his employment as an employee of the public entity, but he is not entitled to such reimbursement if the public entity establishes (a) that he acted or failed to act because of actual fraud, corruption or actual malice, or (b) that the action or proceeding is one described in Section 995.4.

Nothing in this section shall be construed to deprive an employee or former employee of the right to petition for a writ of mandate to compel the public entity or the governing body or an employee thereof to perform the duties imposed by this part."

The Court notes here that Plaintiff's reimbursement under § 996.4 is contingent upon a finding that Plaintiff was indeed acting within the scope of his employment with respect to the Jones action. For purposes of this Order, the Court has made no finding or determination as to whether Plaintiff was acting within the scope of his employment as that issue was not before the Court in this matter. As such, Plaintiff may still seek reimbursement for his expenses by availing himself of this remedy.